### TEDDY LYNN v. STATE.

No. A-2544.   Opinion Filed January 5, 1918.

(168 Pac. 420.)

Appeal from County Court, Kay County;
J. L. Robertson. Judge.

Teddy Lynn was convicted of having unlawful possession of intoxicating liquor with intent to sell it, and he appeals. Modified and affirmed.

J. Q. Louthan, for plaintiff in error.

R. McMillan, Asst. Atty. Gen.. for the State.

PER CURIAM. The plaintiff in error, Teddy Lynn. was convicted at the July, 1913, term of the county court of Kay county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $500 and imprisonment in the county jail for five months.

Numerous assignments are set out in the petition in error and argued in the brief as grounds for reversal of the judgment of conviction. Many of the assignments are well founded. Included in objections to the instructions of the court is an assignment based upon the proposition that the court, in his instructions, called the attention of the jury to the fact that the plaintiff in error failed to take the stand to testify in his own behalf, and one involving the presumption of innocence, and another based upon the provision of the statute relative to the possession of a certain quantity of intoxicating liquor.

In a close case these and other errors would force the reversal of the judgment of conviction. In this case, however, there was no defense made, and these errors, while prejudicial in our judgment, would not warrant a reversal in the absence of any denial of guilt. The legitimate proof disclosed by the record is sufficient to establish guilt beyond doubt. The punishment inflicted by the jury, however, is the maximum imprisonment provided by the statute.

This punishment was fixed by the jury, having before it and under consideration the prejudicial instructions of the court. It is our conclusion that substantial justice warrants the reduction of the punishment imposed. It is therefore ordered that the judgment be modified to a fine of $100 and imprisonment in the county jail for 60 days, and, as so modified, affirmed.

It is so ordered.